IN AND FOR THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

NAOMI BRESTOWSKI-GREEN,

    Plaintiff,

v.

DIGITAL RISK MORTGAGE SERVICES, LLC,

    Defendant.

_____/

CASE NO.:

## COMPLAINT

Plaintiff, NAOMI BRESTOWSKI-GREEN ("Plaintiff" or "Ms. Brestowski-Green"), by and through undersigned counsel, hereby sues Defendant, DIGITAL RISK MORTGAGE SERVICES, LLC, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action brought under the Americans with Disabilities Act of 1990 ("ADA"), the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and the Florida Civil Rights Act of 1992, Florida Statute § 760.10.

2. This is an action for damages that exceed $50,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury accordingly.

## PARTIES

3. At all times pertinent hereto, Plaintiff, NAOMI BRESTOWSKI-GREEN, has been a resident of the State of Florida and was employed by Defendant.

4. At all times pertinent hereto Defendant, DIGITAL RISK MORTGAGE SERVICES, LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5. Venue is proper because Defendant, DIGITAL RISK MORTGAGE SERVICES, LLC, is located in Orange County, Florida and the actions giving rise to this lawsuit occurred in that county.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action in that she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the

Florida Commission on Human Relations ("FCHR"), and Plaintiff received a Notice of Right to Sue on March 14, 2024.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff, Naomi Brestowski-Green, was employed by Defendant as a Loan Processor.

8. Defendant hired Plaintiff in May of 2021.

9. Plaintiff has several disabilities, including partial deafness, and a genetic disability Ehlers-Danlos Syndrome ("EDS").

10. Ehlers-Danlos Syndrome affects the tissue that supports and protects other tissues and organs in the body. Often, Ehlers-Danlos causes joints to be too loose.

11. After her hire, Plaintiff reached out to her Lead Trainer Sean Marshall and her Manager Staci for accommodation paperwork under the Americans with Disabilities Act ("ADA").

12. These accommodations included an amplifier for hearing and intermittent time off for medical issues.

13. Plaintiff was repeatedly told that she did not need ADA paperwork because she was fine and in no danger of losing her job.

14. In November 2021, Plaintiff was absent from work for 3 days due to Vocal Cord Dysfunction, a resulting side effect from having contracted bronchitis in conjunction with EDS.

15. Plaintiff again asked for accommodations paperwork and was told that she did not need it.

16. In late December 2021, while at work, Plaintiff dislocated her knee. She was told by Staci that the dislocation was not an emergency and that if she left to go to the hospital it would be held against her.

17. Plaintiff finished her shift and then went to the Emergency Room.

18. Plaintiff's doctor then ordered her on bedrest and Plaintiff was out for 5 days.

19. Plaintiff again requested ADA paperwork from her supervisors and was again told that she did not need it.

20. Plaintiff ultimately contacted Defendant's Human Resources office and requested ADA paperwork, which she received on January 6, 2024.

21. Plaintiff immediately began the process of having her primary care doctor fill out the paperwork.

22. However, on January 13, 2022, Defendant terminated Plaintiff.

23. Plaintiff protested and told Defendant that she was in the process of having her ADA paperwork completed. Defendant responded that they took that into consideration, but were moving forward with the termination anyway.

24. Defendant terminated Plaintiff for her disability and because she engaged in protected activity and Defendant failed to accommodate Plaintiff.

25. Plaintiff was required to hire the undersigned counsel to protect her rights and Defendant should be made to pay for Plaintiff's attorney's fees and costs under the relevant statutes.

## COUNT I
## DISABILITY DISCRIMINATION
## ADA/ADAAA 42 U.S.C. §§ 12101 et seq.

26. Paragraphs 1-25 are hereby re-alleged and reincorporated as if set forth in full herein.

27. This is an action against Defendant for disability discrimination brought under the Americans with Disabilities Act of 1990 ("ADA") and the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

28. Plaintiff has a known disability that required a reasonable accommodation.

29. Defendant knew of Plaintiff's need for a reasonable accommodation.

30. Despite this knowledge, Defendant failed to provide Plaintiff with a reasonable accommodation in violation of Plaintiff's federally protected rights and then terminated Plaintiff's employment.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering, along with lost back pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

### COUNT II
### DISABILITY DISCRIMINATION- FAILURE TO ACCOMMODATE FLORIDA STATUTES §760.10

32. Paragraphs 1-25 are hereby re-alleged and reincorporated as if set forth in full herein.

33. This is an action against Defendant for disability discrimination brought under The Florida Civil Rights Act, §760.10, Florida Statutes.

34. Plaintiff has been the victim of discrimination on the basis of her disability in that Defendant was aware that Plaintiff required a reasonable accommodation, yet Defendant failed to accommodate her and subsequently terminated her employment.

35. Despite this knowledge, Defendant failed to provide Plaintiff with a reasonable accommodation in violation of Plaintiff's protected rights and then terminated Plaintiff's employment.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering, along with lost back pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT III
## RETALIATION- ADA/ADAAA

37. Paragraphs 1-25 are hereby re-alleged and reincorporated as if set forth in full herein.

38. Defendant is an employer as that term is used under the applicable statutes referenced above.

39. Plaintiff has a known disability that required a reasonable accommodation.

40. Plaintiff requested reasonable accommodations under the Americans with Disabilities Act and the Americans with Disabilities Act as amended.

41. Defendant then terminated Plaintiff's employment in retaliation for her requesting reasonable accommodations.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering, along with lost back pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT IV
## RETALIATION- §760.10, FLORIDA STATUTES

43. Paragraphs 1-25 are hereby re-alleged and reincorporated as if set forth in full herein.

44. Plaintiff is a member of a protected class in that she engaged in protected activity by requesting accommodations.

45. Plaintiff has a known disability that required a reasonable accommodation.

46. Plaintiff requested those accommodations from Defendant, rather than accommodate Plaintiff, Defendant terminated Plaintiff.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering, along with lost back pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

a. that process issue and this Court take jurisdiction over this case;

b. that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

c. that this Court enter judgment against Defendant and for Plaintiff awarding all legally available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

d.  that this Court enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

e.  that this Court enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

f.  award Plaintiff interest and equitable relief; and

g.  that this Court grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 12th day of June 2024.

/s/ Tiffany R. Cruz
Tiffany R. Cruz
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
Kevin Kostelnik
Florida Bar No.: 0118763
Kevin@tiffanycruzlaw.com
Kera@tiffanycruzlaw.com
Parker@tiffanycruzlaw.com
**Cruz Law Firm, P.A.**
325 N. Calhoun St.
Tallahassee, FL 32301
Telephone: 850-701-8838
*Attorneys for Plaintiff*